# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| **In re** | **Bankruptcy Case No.:** |
| **Rachel Lagos** | **17-11330-MMH** |
| **Debtor** | |

## THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

John P. Fitzgerald, III, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "U.S. Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. § 1112(b), dismissing the above-referenced case.

## FACTS AND BACKGROUND

1. On January 31, 2017, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Doc. 1).

2. On March 9, 2017, Debtor voluntarily converted her case to one under Chapter 11 of the Bankruptcy Code. (Docs. 29 and 33). Since that time, Debtor has acted as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. As described more fully below, cause exists pursuant to 11 U.S.C. § 1112(b) for the conversion or dismissal of Debtor's case.

## ARGUMENT

4.   Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

5.   In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The debtors' interests are not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

6.   If the moving party establishes "cause," the debtors (or other parties-in-interest opposing the motion) can avoid conversion, dismissal or the appointment of a trustee only by showing:

> i.   "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";
>
> ii.  a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> iii. the grounds for converting or dismissing the case include an act or omission of the debtor (a) for which there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

7. The Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JFS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

### FAILURE TO FILE A DISCLOSURE STATEMENT WITHIN TIME FIXED BY COURT

8. Nearly a year after converting this case to one under Chapter 11, on February 15, 2018, Debtor filed a Proposed Individual Chapter 11 Combined Plan of Reorganization and Disclosure Statement (the "Disclosure Statement" and "Plan"). (Doc. 71).

9. Objections to the Disclosure Statement were filed by the U.S. Trustee (Doc. 77) and by the Pennsylvania Higher Education Assistance Agency (Doc. 76).

10. After an emergency continuance granted on June 20, 2018, a hearing to consider final approval of the Disclosure Statement and confirmation of the Plan was set for July 26, 2018. (Doc. 84).

11. On or about July 24, 2018, Debtor "[came] to agree that an amended disclosure statement is required" and consented to file one on or before August 27, 2018. *See,* Doc. 88.

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

12. August 27, 2018 came and went and Debtor did not file an amended disclosure statement.

13. On September 12, 2018, Debtor requested an extension of time until September 24, 2018 to file an amended disclosure statement. (Doc. 93.)

14. In response, the Court issued an order requiring an amended disclosure statement on or before September 24, 2018. (Doc. 94).

15. September 24, 2018 came and went and Debtor did not file an amended disclosure statement.

16. The failure to file a disclosure statement within the time fixed by the Court constitutes an enumerated cause for conversion or dismissal pursuant to 11 U.S.C. § 1112(b)(4)(J).

17. Having established cause, it is the Debtor's burden to demonstrate unusual circumstances establishing that converting or dismissing is not in the best interests of creditors and the estate AND that there is a reasonable likelihood that a plan will be confirmed within a reasonable time.

18. Debtor cannot meet this burden.

19. This case has pended in Chapter 11 for just shy of two years. Debtor's income has been strong throughout that entire period.

20. A review of monthly operating reports filed for March, 2017 to October, 2018 reflect revenue of $144,456.

21. A review of Debtor's debtor-in-possession bank account reflects deposits of

$242,000 for that same period of time.

22.     Those same monthly operating reports reflect expenses of $154,042, but inspection will reveal that those expenses are largely discretionary.  *See*, Doc. 77.

23.     Debtor has not filed monthly operating reports for April, 2018, July, 2018, September, 2018, November, 2018, December, 2018 or January 2019.

24.     Debtor has demonstrated that she is unwilling to: comply with the requirements of a debtor-in-possession; file an adequate disclosure statement; propose a confirmable plan of reorganization; and curb her discretionary spending.

25.     As such, Debtor cannot establish a reasonable likelihood that a plan will be confirmed within a reasonable time.

### Statement Concerning the Best Interests of Creditors and The Estate

26.     Granting Debtor relief in a Chapter 7 would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code.

27.     A properly completed means test demonstrates a presumption of abuse arises in this case; and, Debtor has presented no special circumstances suitable to rebut that presumption.

28.     Upon conversion, Debtor's case would be immediately subject to a motion to dismiss for abuse under the provisions of 11 U.S.C. §707(b).

29.     For that reason, dismissal of this case at this juncture is in the best interests of creditors and the estate.

## Local Rule 9013 Statements

30. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that no memorandum of law in support of this motion will be filed and relies solely on the grounds and authorities set forth herein.

31. Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to final judgments or orders in this matter by a bankruptcy judge.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Dismissing this case; and

(3) Granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: February 28, 2019

John P. Fitzgerald, III,
Acting United States Trustee for Region Four

By: */s/ Katherine A. Levin*
Katherine A. Levin
Fed. Bar No.: 10916
United States Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail: Katherine.A.Levin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2019, a copy of the foregoing Motion was sent via first class mail, postage prepaid to:

Rachel Anne Lagos
3650 Patuxent River Road
Davidsonville, MD  21035

BMW Bank of North America
c/o Ascension Capital Group
P.O. Box 165028
Irving, TX 75016


According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- William David Day    day@williamdaylaw.com, victoria@williamdaylaw.com
- Alan D. Eisler    aeisler@e-hlegal.com, mcghamilton@gmail.com
- Morgan William Fisher    mwf@morganfisherlaw.com, bkmorganfisherlaw@ecf.inoruptcy.com;bk@morganfisherlaw.com;
- Michael J. Klima    bankruptcy@peroutkalaw.com
- Katherine A. (UST) Levin    Katherine.A.Levin@usdoj.gov, brenda.b.wilmore@usdoj.gov
- Scott Elliot Nadel    scottnadel@lojnlaw.com, jeff@lojnlaw.com
- Julia Oaten    bk@morganfisherlaw.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV


                                     */s/ Katherine A. Levin*
                                     Katherine A. Levin